IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEFFERY RAGAN**<br>*Plaintiff,*<br><br>v.<br><br>**HOUSTON INSPECTION FIELD SERVICES, LLC**<br>*Defendants.* | §<br>§<br>§<br>§    Civil Action No. 4:20-cv-02892<br>§    (Jury Demanded)<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, JEFFERY RAGAN, complaining of HOUSTON INSPECTION FIELD SERVICES, LLC, (hereinafter "Defendant" or "Employer"), for cause will show the court the following:

**I.
PARTIES**

1. Plaintiff, JEFFERY RAGAN, an individual that is a citizen of the State of Texas.

2. Defendant HOUSTON INSPECTION FIELD SERVICES, LLC is a domestic limited liability company that may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

**II.
JURISDICTION**

3. The Court has Federal Question jurisdiction pursuant to 42 U.S.C. §1331 because the suit arises under federal law, specifically, the Fair Labor Standards Act, 29 U.S.C. §201-219.

**III.
VENUE**

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial

part of the events or omissions giving rise to this claim occurred in this district.

## IV.
## FACTS

5. At all times material hereto, Defendant, Houston Inspection Field Services, LLC employed Plaintiff starting in as chief level III. Defendant, Houston Inspection Field Services, LLC directed and controlled Plaintiff's schedule, scope of work, details of work, told Plaintiff when to start and stop work, and required Plaintiff to work over 40 hours a week but failed to pay overtime.

6. On October 24, 2018, Plaintiff worked at St. James Meter Station for 16 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

7. On October 31, 2018, Plaintiff worked at St. James Meter Station for 18 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

8. On March 26, 2019, Plaintiff worked at St. James Meter Station for 16 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

9. On August 16, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

10. On August 17, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

11. On August 18, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully

only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

12. On August 22, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

13. On August 23, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

14. On August 24, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

15. On September 30, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

16. On October 1, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

17. On October 2, 2019, Plaintiff worked at Houston Inspection for 14 hours and was only paid for 12 hours. Defendant, Houston Inspection Field Services, LLC knowingly and willfully only paid Plaintiff for 12 hours of work and failed to include the overtime hours.

18. As a result of Defendant's conduct of negligent and/or willful violation the Federal Labor and Standards Act, Plaintiff was not fairly or adequately compensated for the work he performed as required by the FLSA.

## V.
## LIABILITY OF DEFENDANTS

19. At all times mentioned herein, Defendant had such control over the Plaintiff's work that he was employed by Defendant.

20. Further, Defendants were required to meet the Texas Wage and Overtime law requirements as well as the Fair Labor Standards Act, and to pay the Plaintiff time and a half for every hour worked over 40 hours a week. Defendant was well aware of the control over the Plaintiff's work that qualified him as an employee, as noted above, and willfully withheld his overtime pay.

21. Plaintiff seeks the maximum damages allowable under the law for these knowing violations.

## VI.
## PROXIMATE CAUSE

22. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII.
## DAMAGES

23. As a result of the knowing, willful and/or negligent conduct of Defendant, Plaintiff was denied overtime wages from October 2018 until October 2019. Plaintiff seeks recovery of his backpay, liquidated damages, attorney's fees, court costs, and such other relief Plaintiff as permitted under the law.

24. By reason of all the above, Plaintiff is seeking monetary relief more than $200,000.00 but less than $1,000,000.00.

## VIII.
## JURY DEMAND

25. Plaintiff hereby demands a trial by Jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon final hearing hereof, Plaintiff have and recover of and from Defendant for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such other and further relief, special or general, at law or in equity, to which they may be entitled within the jurisdictional limits of this Court.

Respectfully submitted,

BY/s/ Nathan E. Inurria
NATHAN E. INURRIA
Federal Bar No. 3020186
State Bar No. 24101953
GEORGE K. FARAH
Federal Bar No. 38353
State Bar No.  24040882
FARAH LAW GROUP, PLLC
1211 Hyde Park Blvd
Houston, Texas 77006
T:  (713) 529-6606
F:  (713) 529-6605
E: gkf@gflawoffices.com
E: nei@gflawoffices.com

**ATTORNEYS FOR PLAINTIFF**